```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANN PALAGONIA and THOMAS PALAGONIA,
Parents and Guardians of their Minor
Child, ERICA PALAGONIA, and
ERICA PALAGONIA, Individually,              MEMORANDUM & ORDER
                                            08-CV-0791 (JS)(ETB)
                Plaintiffs,

        -against-

SACHEM CENTRAL SCHOOL DISTRICT,
SACHEM SCHOOL BOARD, DENISE DOLAN,
individually and in her official
capacity, and PAUL STELLINO,
individually and in his official
capacity,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiffs:    David Gordon, Esq.
                   Gordon Law Office
                   300 Rabro Drive, Suite 138
                   Hauppauge, NY 11788

For Defendants:    Jeltje DeJong, Esq.
                   Kelly E Wright, Esq.
                   Devitt Spellman Barrett, LLP
                   50 Route 111
                   Smithtown, NY 11787
```

SEYBERT, District Judge:

On February 26, 2008, Plaintiff minor, Erica Palagonia ("Erica"), and her parents and guardians, Ann Palagonia ("Mrs. Palagonia") and Thomas Palagonia ("Mr. Palagonia") (collectively "Plaintiffs"), commenced this action. Plaintiffs claim violations of Erica's Fourteenth Amendment right to equal protection, her rights under the Americans with Disabilities Act, as amended, 42

U.S.C. § 12101, et seq. ("ADA"), and her rights under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"), by the Sachem Central School District ("Sachem"), its assistant principal, Denise Dolan ("Dolan") and the coordinator of student services, Paul Stellino ("Stellino") (collectively "Defendants"). Plaintiffs also allege violations of Article 89 of the New York State Education Law ("NYEL"), New York Human Rights Law ("NYHRL"), New York Civil Practice Laws and Rules Article 78 ("NYCPLR"), New York Penal Law § 240.55, and a claim for intentional infliction of emotional distress. Plaintiffs' claims allegedly arise out of interactions between the Plaintiffs and the Defendants regarding Erica's absence from school, her disabilities and the actions taken by the school in response.

Presently pending before the Court are Defendants' motion to dismiss pursuant to Rules 12(b)(2)[1] and 12(b)(6) of the Federal Rules of Civil Procedure and Plaintiffs' motion to amend their Complaint pursuant to Rule 15(a). For the following reasons, the Court DENIES Defendants' motion to dismiss without prejudice and with leave to refile and GRANTS Plaintiffs' motion to amend their Complaint.

---

[1] Although Defendants cite Rule 12(b)(2), the Court believes this citation is in error, as Defendants cite lack of subject matter jurisdiction, Rule 12(b)(1), as their basis for their motion.

BACKGROUND

At the time her claims accrued, Erica was a sophomore at the Sachem East High School during the 2006-2007 school year. She suffers from several disabilities, including severe depression, anxiety and panic disorder, suicidal ideation, and Post-Traumatic Stress Disorder, stemming from a physical assault she sustained in June 2005. (Compl. ¶¶ 14-15.) Since the summer of 2006, Erica has received psychiatric and psychological therapy, (Id. ¶ 17.), and has suffered repeated panic attacks when confronted with having to go to school. (Id. ¶ 18.)

On or about September 6, 2006, Erica's treating psychotherapist, Barbara Giannelli-O'Brien sent Dolan a letter, informing Dolan of Erica's disabilities and advising Dolan that Erica should be home-schooled, effective immediately. On or about the same day, Sachem sent its attendance officer, Susan Erdman ("Erdman") to Plaintiffs' residence in Farmingville, New York. Once inside the home, Erdman told Mrs. Palagonia and Erica that Mrs. Palagonia was being "negligent as a parent" and that she "could possibly face jail time for [her] wrongdoing." (Id. ¶ 23.) Shortly thereafter, on or about September 6, 2006, Sachem sent its staff psychologist, Dr. Fern Miranda ("Miranda"), school social worker, Diane Ricci ("Ricci"), and guidance counselor, Ms. Alba, ("Alba"), to Plaintiffs' home. During their visit, Plaintiffs

3

allege that Miranda, Ricci, and Alba observed Erica's symptoms. Plaintiffs further allege that they made Defendants aware of Erica's condition in other communications. (Id. ¶¶ 25-30.)

Shortly after Miranda's, Ricci's, and Alba's visit, Mrs. Palagonia attended a meeting at Sachem High School with Dolan, Miranda, Ricci, and Alba. Mrs. Palagonia brought with her to the meeting letters from Erica's treating psychiatrist indicating that Erica should be home-schooled for the first quarter of the school year. On September 8, 2006, Erica began receiving home tutoring from Sachem faculty. On or about November 29, 2006, however, without explanation, Sachem unilaterally discontinued Erica's home tutoring. (Id. 36.) Despite Mr. and Mrs. Palagonia's repeated requests afterward, and further requests by Erica's treating psychiatrist, Erica never received home schooling again. The District provided no satisfactory reason for discontinuing Erica's home tutoring.

A final meeting between Defendants and Mr. and Mrs. Palagonia occurred on April 11, 2007. In that meeting, Dolan told Plaintiffs: "I have a mind to call CPS [Child Protective Services]. You are a neglectful mother as far as Erica's mental and educational needs." (Id. ¶ 48.) Dolan further stated that Child Protective Services had the right to take Erica out of Mr. and Mrs. Palagonia's home and place her in a group home and force her to go

4

to school. (Id. ¶ 50.) On April 20, 2007, Plaintiffs allege that either Dolan or Stellino contacted the Suffolk County Department of Social Services, Child Protective Services Bureau, and filed an intentionally false report alleging that Mrs. Palagonia was abusing her daughter Erica. When the caseworker subsequently came to Plaintiffs' home for an investigation, the caseworker apologized to Plaintiffs, stating that there was no evidence of abuse or neglect.

DISCUSSION

After Defendants submitted their motion to dismiss, Plaintiffs submitted a letter motion to amend their Complaint, seeking to add claims for retaliation under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and under the ADA. However, Plaintiffs did not submit a proposed Amended Complaint with their motion. Defendants have not yet submitted an Answer.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his or her "pleading once as a matter of course at any time before a responsive pleading is served . . . ." Fed. R. Civ. P. 15(a). A motion to dismiss is not a responsive pleading. See, e.g., Siklos v. Ne. Anesthesia Servs., P.C., 473 F. Supp. 2d 494, 496 (S.D.N.Y. 2007); Barbara v. N.Y. Stock Exch., Inc., 99 F.3d 49, 56 (2d Cir. 1996); Thompson v. Carter, 284 F.3d 411, 416 at n.2 (2d Cir. 2002). Accordingly, Plaintiffs may amend

5

their Complaint.

In light of the Court's decision to GRANT Plaintiffs leave to Amend and Defendants' prior submission indicating that, if the Court granted Plaintiffs' motion to amend Defendants would seek to file an additional motion to dismiss, the Court DENIES Defendants' pending motion to dismiss without prejudice and with leave to refile after Plaintiffs submit their Amended Complaint. This will give the Defendants the opportunity to fully brief the remaining issues and will conserve judicial resources in deciding the motion to dismiss; the Court's analysis of Plaintiffs' newly asserted claims will likely overlap considerably with its analysis of Plaintiffs' ADA and IDEA claims.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss without prejudice and with leave to refile and GRANTS Plaintiffs' motion to amend their Complaint. Plaintiffs shall submit their Amended Complaint by April 17, 2009.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         March  31 , 2009