```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANN PALAGONIA and THOMAS PALAGONIA,
Parents and Guardians of their Minor
Child, ERICA PALAGONIA, and
ERICA PALAGONIA, Individually,          MEMORANDUM & ORDER
                                        08-CV-0791(JS)(ETB)
              Plaintiffs,

         -against-

SACHEM CENTRAL SCHOOL DISTRICT,
SACHEM SCHOOL BOARD, DENISE DOLAN,
individually and in her official
capacity, and PAUL STELLINO,
individually and in his official
capacity,

              Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiffs:   David Gordon, Esq.
                  Gordon Law Office
                  300 Rabro Drive, Suite 138
                  Hauppauge, NY 11788

For Defendants:   Jeltje DeJong, Esq.
                  Kelly E. Wright, Esq.
                  Devitt Spellman Barrett, LLP
                  50 Route 111
                  Smithtown, NY 11787
```

SEYBERT, District Judge:

On February 26, 2008, minor, Erica Palagonia ("Erica"), and her parents and guardians, Ann Palagonia ("Mrs. Palagonia") and Thomas Palagonia ("Mr. Palagonia") (collectively "Plaintiffs"), commenced this action. Plaintiffs claim violations of Erica's Fourteenth Amendment right to equal protection, her rights under the Americans with Disabilities

Act, as amended, 42 U.S.C. § 12101, et seq. ("ADA"), and her rights under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"), by the Sachem Central School District ("Sachem"), its assistant principal, Denise Dolan ("Dolan") and the coordinator of student services, Paul Stellino ("Stellino") (collectively "Defendants"). Plaintiffs also allege violations of Article 89 of the New York State Education Law ("NYEL"), New York Human Rights Law ("NYHRL"), New York Civil Practice Laws and Rules Article 78 ("NYCPLR"), New York Penal Law § 240.55, and a claim for intentional infliction of emotional distress.

Presently before the Court is Plaintiffs' motion for sanctions against the Defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. For the reasons that follow, Plaintiffs' motion is DENIED.

## BACKGROUND[1]

Plaintiffs bring this motion in response to Defendants' allegedly improper statements in their Answer. Specifically, Plaintiffs object to paragraphs 29-31, 36, 38-41, 46-47, 55-56, 59, 62-66, and 68-72, and argue that the statements therein are made with an improper purpose, are unwarranted by law, or have no evidentiary support.

---

[1] The Court does not recite the underlying facts of this case at length, and only states those necessary to decide this motion.

DISCUSSION

I. Rule 11 Requirements

Rule 11 requires that an attorney sign every pleading, written motion, and other paper filed with the courts. FED. R. CIV. P. 11(a). By doing so, the attorney certifies

> that to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. CIV. P. 11(b). The 1993 Advisory Notes to subsections (b) and (c) state that the rule requires "litigants to 'stop and think' before initially making legal or factual contentions" and "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no

3

longer tenable." Fed. R. Civ. P. 11 Advis. Comm. notes (1993 Amendments).

Rule 11(c), empowers the court to impose "appropriate sanctions" for violations of Rule 11(b). Fed. R. Civ. P. 11(c)(1). "When a court determines that Rule 11 sanctions are appropriate, it 'has significant discretion in determining what sanctions, if any, should be imposed for a violation.'" E. Gluck Corp. v. Rothenhaus, No. 08-CV-3466, 2008 WL 2944624, at *3 (S.D.N.Y. July 31, 2008) (quoting Fed. R. Civ. P. 11 Advis. Comm. Note); see also Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004) ("[I]f the district court concludes that the assertion of a given claim violates Rule 11 . . . the decision whether or not to impose sanctions is a matter for the court's discretion."). But any sanctions imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Lipin v. Hunt, 573 F. Supp. 2d 836, 843-44 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 11(c)(4)); see also Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000) ("[T]he standard for

4

triggering the award of fees under Rule 11 is objective unreasonableness.")

II. 28 U.S.C. § 1927

Although Rule 11 and 28 U.S.C. § 1927 share some similarities, Section 1927 differs in important ways. Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Courts in this circuit construe the statute "narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." Romeo v. Sherry, 308 F. Supp. 2d 128, 148 (E.D.N.Y. 2004) (quoting Mone v. C.I.R., 774 F.2d 570, 574 (2d Cir. 1985) (internal citations omitted)). The purpose of the statute is to deter dilatory tactics, unnecessary delays in litigation, and bad faith conduct by attorneys. Id. (citing United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991); Hudson Motors P'ship v. Crest Leasing Enters., Inc., 845 F. Supp. 969, 978 (E.D.N.Y. 1994); and Herrera v. Scully, 143 F.R.D. 545, 551-552 (S.D.N.Y. 1992)). Unlike the objective standard of Rule 11,

Section 1927 "requires a clear showing of bad faith[.]" Novelty Textile Mills, Inc. v. Stern, 136 F.R.D. 63, 72-73 (S.D.N.Y. 1991); see also Int'l Bhd. of Teamsters, 948 F.2d at 1345 ("Bad faith is the touchstone of an award under this statute."); Hudson Motors, 845 F. Supp. at 978 (holding that "[w]ithout a demonstration of bad faith on the part of the attorney in question, sanctions pursuant to this statute are inappropriate.").

III. Plaintiffs Failed To Meet Their Burden Under Rule 11 Or 28 U.S.C. § 1927

In their current motion, Plaintiffs entirely fail to meet their burden demonstrating that Defendants' conduct is sanctionable under Rule 11 or Section 1927. Not only are Defendants' initial statements acceptable, but they went one step further: on June 22, 2009, nearly two weeks before Plaintiffs' filed their motion, Defendants sent them a letter clarifying the statements in their Answer. (See Docket entry 34, ex. 2.) Unpersuaded that Defendants have a right to serve an Answer without admitting liability, Plaintiffs continued filing the present motion.

In short, there is nothing that this Court can find in Defendants' Answer that would support an imposition of sanctions under Rule 11 or Section 1927, and Plaintiffs have failed to

show even the slightest indication of bad faith by their adversaries. Accordingly, Plaintiffs' motion is without merit.

CONCLUSION

For the foregoing reasons, Plaintiffs' motion is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 1, 2010
Central Islip, New York